David A. Bahr (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Telephone:  (541) 556-6439
Email:  davebahr@mindspring.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE CENTER FOR BIOLOGICAL DIVERSITY**, a non-profit corporation, 378 N. Main Ave., Tucson, AZ 85701, and **THOMAS BACHAND**, 4154 Piedmont Ave., #8, Oakland, CA 94611,<br><br>    Plaintiffs,<br><br>*vs*.<br><br>**UNITED STATES DEPARTMENT OF STATE**, an agency of the United States of America, 2201 C Street NW, Washington, DC 20520,<br><br>    Defendant. | Case No. 1:17-cv-937<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>    Freedom of Information Act Case<br>    Administrative Procedure Act Case |

The Center for Biological Diversity ("the Center") and Thomas Bachand (collectively "Plaintiffs"), allege as follows:

## INTRODUCTION

1.      In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552 *et. seq.*, or, in the alternative, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq*., Plaintiffs challenge the failure of the United States Department of State ("DOS" or "Agency") to respond lawfully to Plaintiffs' FOIA requests for records related to the

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

Keystone XL Pipeline Project ("Keystone XL"), an extremely controversial tar sands pipeline project that would, if built, transport oil sands crude from the tar sands region of Alberta, Canada, and shale oil produced in North Dakota and Montana to a hub in Nebraska, and from there, to Houston and Port Arthur, Texas for delivery to Gulf Coast refineries. Keystone XL has generated overwhelming opposition due to its cultural and environmental impacts, including harm to threatened and endangered species, greenhouse gas emissions resulting from the development of Canadian oil sands, threats of spills and release of heavy crude to contaminate water, as well as the devastation of American Indian Tribal lands, violation of treaties, and destruction of indigenous cultural resources.

**2.**    Because the proposed Pipeline would cross the Canadian-U.S. border, Keystone XL requires a Presidential Permit from DOS based on the Agency's determination that the Pipeline would "serve the national interest." Keystone XL's proponent, TransCanada Corporation, began to seek a Presidential Permit in 2012. President Obama's administration denied the permit in 2015, concluding that Keystone XL is not in the nation's interest. Yet, without altering the project, President Trump issued an executive order in January, 2017, directing DOS to issue a Presidential Permit within 60 days. In response, on March 23, 2017, DOS granted the permit.

**3.**    Since 2012, Plaintiffs have submitted numerous requests for Keystone XL-related data and records under FOIA. In particular, Plaintiffs have requested geographic data which show the pipeline's geographic route — *e.g.*, geographic information systems ("GIS") "layers," also known as "Shape files" — well as copies of the contracts between DOS and various private consultants working on behalf of Keystone XL's proponent, TransCanada Corporation, to conduct environmental reviews of the pipeline. Plaintiffs have requested these records to inform the public dialogue about the Keystone XL Pipeline Project and to enhance public oversight of Defen-

dant's actions regarding it.

**4.**      In response, Defendant has failed to make the statutorily required determinations on Plaintiffs' requests and appeals within the time and in the manner required by FOIA. In addition, DOS is refusing to disclose some of the records — in particular, geographic data — on the spurious basis that the records are not "agency records" within the meaning of FOIA, even though DOS unquestionably "possesses" the data and indeed, relied on it to analyze the project's route. Consequently, Defendant is unlawfully withholding information that is responsive to Plaintiffs' FOIA requests and appeals and does not fall within the scope of FOIA's exemptions to mandatory disclosure.

**5.**      Additionally, DOS has violated the FOIA's provisions in processing Plaintiffs' information requests and appeals. First, DOS has failed to release information that does not properly fall within the ambit of any of FOIA's disclosure exemptions. Second, DOS has failed to issue final determinations on Plaintiffs' administrative requests and appeals within the time allowed by the Act. Third, DOS has repeatedly failed to provide Plaintiffs with the dates they received their information requests and appeals, nor has the Agency provided the estimated completion dates for the information requests as required by FOIA.

**6.**      Because DOS is unlawfully withholding public disclosure of information sought by Plaintiffs, information to which they are entitled and for which no valid disclosure exemption applies, and because DOS has violated the FOIA's statutory mandates and deadlines through its failure to provide final determinations resolving Plaintiffs' FOIA requests and appeals within the time and manner required by law, Plaintiffs have no other recourse but to seek declaratory relief establishing that Defendant has violated the FOIA, or, in the alternative, the APA. Plaintiffs also seek injunctive relief directing Defendant to promptly provide Plaintiffs with the requested mate-

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

rial.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**7.**     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

U.S.C. § 1331 because this action arises under the FOIA, and/or the APA, and the Declaratory

Judgment Act, 28 U.S.C. § 2201, *et seq*.

**8.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides

venue for all FOIA cases in the District of Columbia.

**9.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**10.**    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**11.**    Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national non-profit organiza-

tion that works through science, law, and policy to secure a future for all species, great or small,

hovering on the brink of extinction. The Center has over 58,000 members and more than 1.3 mil-

lion online supporters worldwide. The Center has worked for years to protect several imperiled

species that would be harmed by Keystone XL, and one of the Center's central goals is to combat

climate change and its impacts on habitats and communities. The Center has been actively in-

volved in the oversight and debate concerning the Keystone XL Pipeline nearly since the pro-

ject's inception. The records requested in this matter will be used by the Center to inform the

public's dialogue regarding the Pipeline and to enhance oversight of Defendant's actions in per-

taining to the Project.

**12.**    Plaintiff THOMAS BACHAND's Keystone Mapping Project (KMP) has been in devel-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

opment since 2012. It is an internationally recognized multimedia and photography project examining land use, climate policy, and transparency through an exploration of the Keystone XL Pipeline. The KMP web site has seen over 100,000 distinct visitors, primarily due to its development of the only publicly available interactive maps that support the DOS's Keystone environmental reports and by making its information widely and readily available to the public. Currently the KMP is the only resource that allows the public to interpret the DOS's environmental reports and meaningfully participate in the controversial debate surrounding the Keystone XL Pipeline. Major media organizations, including the *New York Times*, *Washington Post*, *Guardian*, *USA Today*, *NPR*, and *Time*, have expressed intense interest in the Keystone route and have reported about it extensively. The records sought in this action are requested in support of Plaintiff Bachand's efforts to better inform the public discussion of and oversight of Defendant's statutory obligations regarding the Keystone XL Pipeline. Plaintiff Bachand intends to write about Keystone XL based upon the contents of the records at issue in this matter.

**13.**    Defendant United States Department of State is an agency of the executive branch of the United States government, and is in possession, custody or control of the records sought by Plaintiffs, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

**14.**    The FOIA's basic purpose is for government transparency, as it establishes that all federal agency records must be accessible to the public unless such records may be withheld from this disclosure mandate pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552.

15.     The FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested agency records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the requested records are exempt from public disclosure, the agency must also communicate to the requester that they have a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

16.     An "agency record" subject to a FOIA request is any record that is (1) created or obtained by an agency, and (2) under agency control at the time of the FOIA request. *See, e.g., United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

17.     Congress has set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the 20-business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a 10-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the 20-business-day deadline for making that determination for an additional 10 business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an op-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

portunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id*.

18.     Unless an agency subject to the FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, the FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

19.     A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA request, unless the agency demonstrates reasonable progress in reducing its backlog of pending request. 5 U.S.C. § 552(a)(6)(C)(ii).

20.     Agency conduct in violation of FOIA's mandates is subject to judicial review under the APA if the FOIA does not provide an adequate remedy. *Oregon Natural Desert Ass'n.. v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006) (finding that violation of the FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law), *affirmed in part, reversed on other grounds, Oregon Natural Desert Ass'n v. Locke*, 572 F.3d

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

610 (9th Cir. 2009). Under the judicial review provisions of the APA, district courts are author-

ized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

District courts must also set aside any agency action found to be arbitrary, capricious, an abuse

of discretion, not in accordance with law, or made without observation of required procedures. 5

U.S.C. § 706(2).


## STATEMENT OF OPERATIVE FACTS

### Regarding DOS FOIA Request F-2012-25735 (Plaintiff Bachand)

**21.**     Via the DOS's Internet portal, on April 12, 2012, Plaintiff Bachand requested

"Keystone XL pipeline route mapping data" including "Pipeline Milepost (MP) marker

longitude and latitude data for entire route" and the "GIS Shape file of entire route." He

also requested expedited processing as well as a public interest waiver of related fees.

**22.**     By letter date stamped April 12, 2012, the DOS acknowledged receipt of Plaintiff

Bachand's FOIA request on that date and assigned it case number F-2012-25735. The

DOS deferred a decision on Plaintiff Bachand's fee waiver request but denied his request

for expedited processing.

**23.**     By email dated June 8, 2012, Plaintiff Bachand timely appealed the Agency's denial of

his expedited processing request. Plaintiff also requested an estimated completion date in the ap-

peal.

**24.**     By letter dated July 12, 2012, DOS denied Plaintiff Bachand's appeal of the Agency's

denial of his expedited processing request.

**25.**     By letter dated June 24, 2013, over a year after Plaintiff Bachand submitted his

FOIA request, the DOS denied his request by asserting that it did not possess any respon-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

sive records. Specifically, the DOS asserted:

> [T]he Department does not have copies of records responsive to your request because the Environmental Impact Statement for the Keystone Pipeline project was created by Cardno ENTRIX under a contract financed by TransCanada Keystone Pipeline LP, and not by the U.S. government. Neither Cardno ENTRIX nor Trans-Canada ever submitted GIS information to the Department of State, nor was either corporation required to do so. The information that you request, if it exists, is therefore neither physically nor constructively under the control of the Department of State and we are therefore unable to comply with your FOIA request.

**26.**   By letter dated July 12, 2013, Plaintiff Bachand timely appealed the Agency's denial of his information request. He also requested an estimated completion date in the appeal. The appeal noted "As the lead regulatory agency for approval of the Keystone XL pipeline, surely the Department of State must have the information necessary to review the Final Environmental Impact Statement (FEIS) and the Supplementary Environmental Impact Statement (SEIS), unless both documents are incomplete." Plaintiff Bachand's appeal continued:

> As the requested routing data is referenced throughout the Keystone XL FEIS and SEIS, and is required in order to understand the reports' analyses, its inclusion is required by reference and without it the documents lack internal consistency. If the data has indeed not been included, TransCanada has submitted incomplete reports. The Department of State could not perform its oversight duties if it reviewed the reports without requesting the data, because a proper analysis of economic, ecological, and national security impacts from the Keystone XL is impossible without it.

**27.**   By letter dated July 26, 2013, the DOS acknowledged receipt of Plaintiff Bachand's appeal but did not indicate the date it received the appeal or provide an estimated completion date.

**28.**   By letter dated May 15, 2014, over a year after Plaintiff Bachand submitted his FOIA appeal, the DOS denied his appeal. Specifically, the DOS alleged that the information requested by FOIA request F-2012-25735 was not an "agency record" subject to FOIA because:

> TransCanada made certain pipeline mapping data available to the Department's third-party contractor for the contractor's use solely in connection with the National Environmental Policy Act review of the proposed Keystone XL Pipeline Project. TransCanada made clear that it retained all rights to that data and placed

express limitations on its use. As a result, the Department lacks the requisite control over these files for them to be considered "agency records" for purposes of the FOIA.

The DOS's appeal denial informed Plaintiff Bachand of his right to seek mediation services regarding the dispute from the Office of Government Information Services ("OGIS").

29.     By email dated August 11, 2014, Plaintiff Bachand requested that the OGIS mediate his dispute with the DOS caused by the Agency's denial of FOIA request F-2012-25735. In particular, he argued that the information he sought was an "agency record" subject to the FOIA because the TransCanada Keystone Pipeline Master Services Agreement No. 10387 (available for downloading at https://2012-keystonepipeline-xl.state.gov/documents/organization/221288.pdf) expressly made it so by contract. In particular, the Master Services Agreement required that:

> All original drawings, plans, specifications, calculations, sketches, designs, reports, files (electronic or otherwise), records and other documents regardless of the media or means of storage and access thereto ("Records") *developed by, through or for* the Third-Party Contractor pursuant to this Contract or any Change Order *shall be the absolute property of the Department [of State]*. . . The Records shall be delivered to the Department upon completion of the Work or at any time during performance of the Work *at the request of the Department*.

*Id*. at 14, ¶ 24.1 (emphasis added).

30.     By letter dated October 3, 2014, the OGIS informed Plaintiff Bachand that the DOS had — notwithstanding the express language of the Master Services Agreement — rebuffed its attempt to mediate the dispute regarding FOIA request F-2012-25735.

31.     The FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

32.     At the very latest, based on the April 12, 2012 date that the DOS acknowledges receiving FOIA request F-2012-25735, the deadline for issuing a final determination elapsed on May 10, 2012.

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**33.** Defendant DOS failed to make a final determination resolving FOIA request F-2012-25735 within 20 business days from receipt as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**34.** The FOIA generally requires an agency to issue a final determination resolving a FOIA appeal within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**35.** At the very latest, based on the July 12, 2013 date of Plaintiff Bachand's appeal of request F-2012-25735, the deadline for issuing a final determination elapsed in August, 2013.

**36.** Defendant failed to make a final determination resolving the appeal of request F-2012-25735 within the deadline of 20 business days from receipt as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

**37.** The FOIA mandates that Defendant must inform an information requester of "the date on which the agency originally received the request." 5 U.S.C. § 552(a)(7)(B)(i).

**38.** The DOS did not inform Plaintiff Bachand of the date on which the Agency received the FOIA appeal of request F-2012-25735.

**39.** The FOIA mandates that Defendant must inform an information requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**40.** The FOIA's estimated decision date requirement does not contemplate that an agency's suggestion of an entire month will discharge its mandate under 5 U.S.C. § 552(a)(7)(B)(ii).

**41.** The DOS did not provide an estimated completion date for FOIA request F-2012-25735.

**42.** The DOS did not provide an estimated completion date for FOIA appeal of request F-2012-25735.

**43.** None of the FOIA's nine exemptions to mandatory disclosure apply to the information, currently being withheld by the DOS, which is responsive to FOIA request F-2012-25735.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439

**44.**     Plaintiff Bachand has been required to expend costs and to obtain the services of a law

firm to prosecute this claim.

**45.**     Plaintiff Bachand's claims presented herein are not insubstantial within the meaning of 5

U.S.C. § 552(a)(4)(E)(ii)(II).

### Regarding DOS FOIA Request F-2014-16267 (Plaintiff Bachand)

**46.**     Via the DOS's internet portal, on September 12, 2014, Plaintiff Bachand submit-

ted a FOIA request to the DOS. He specifically requested:

> 1. All contracts and agreements the Department of State and TransCanada has
> signed with the companies building and consulting on the Keystone XL, as well
> as those authoring the project's FEIS, SEIS, and FSEIS. These companies include
> among others TransCanada Corporation, Cardno ENTRIX, ERM, exp Energy
> Services Inc., AECOM, Dynamic Risk Assessment Systems, Inc., Battelle, and
> Exponent.
>
> 2. All documents that define "agency record" as it applies to all contractor or con-
> sultant documents produced for the Department of State's Keystone XL FEIS,
> SEIS, and FSEIS.
>
> 3. The complete and current Keystone XL pipeline GIS and routing data as pro-
> posed in the FEIS, SEIS, and FSEIS for the entire length of the pipeline route
> from the Canadian border to Port Arthur, Texas, including milepost markers at
> 1/10th of a mile intervals, all waterbody crossings, access roads, road crossings,
> and impacted habitats, such as wetlands, waterways, and aquifers. This data
> should be made available in the same format as provided by TransCanada to those
> companies authoring and consulting on the FEIS, SEIS, and FSEIS.
>
> 4. Keystone XL corridor landowner records, including leases and eminent domain
> filings.

Plaintiff Bachand also requested expedited processing as well as a public interest waiver

of related fees.

**47.**     By letter date stamped September 18, 2014, the DOS acknowledged receipt of

Plaintiff Bachand's FOIA request and assigned it case number F-2014-16267. Defendant

DOS's letter did not indicate the date it received FOIA request F-2014-16267.

COMPLAINT

**48.**     In its September 18, 2014 letter, the DOS denied Plaintiff Bachand's fee waiver and expedited processing requests.

**49.**     By letter dated October 8, 2014, Plaintiff Bachand timely appealed the Agency's denial of his fee waiver and expedited processing requests.

**50.**     The FOIA generally requires an agency to issue a final determination resolving a FOIA appeal within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**51.**     At the very latest, based on the October 8, 2014 date of Plaintiff Bachand's appeal of the DOS's denial of a fee waiver for request F-2014-16267, the deadline for issuing a final determination elapsed in November, 2014.

**52.**     Defendant failed to make a final determination resolving the appeal of request F-2014-16267 within the deadline of 20 business days from receipt as required by the FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

**53.**     The FOIA mandates that Defendant must inform an information requester of "the date on which the agency originally received the request." 5 U.S.C. § 552(a)(7)(B)(i).

**54.**     As of the date this action was filed, the DOS has not informed Plaintiff Bachand of the date on which the Agency received his appeal of request F-2014-16267.

**55.**     The FOIA mandates that Defendant must inform an information requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**56.**     The FOIA's estimated decision date requirement does not contemplate that an agency's suggestion of an entire month will discharge its mandate under 5 U.S.C. § 552(a)(7)(B)(ii).

**57.**     The DOS did not provide an estimated completion date for Plaintiff Bachand's appeal of request F-2014-16267.

**58.**     None of the FOIA's nine exemptions to mandatory disclosure apply to the information, currently being withheld by the DOS, which is responsive to FOIA request F-2012-25735.

**59.**     The Center has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**60.**     The Center's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**Regarding DOS FOIA Request F-2014-06825 (Plaintiffs Bachand and the Center)**

**61.**     Via letter sent on April 8, 2014, Plaintiff Bachand requested from Defendant "all communications, reports, records, emails, and other documents related to FOIA request F-2012-25735, Thomas Bachand, and/or the Keystone Mapping Project."

**62.**     By letter date stamped April 28, 2014, the DOS acknowledged receipt of this FOIA request on April 8, 2014 and assigned it case number F-2014-06825.

**63.**     Defendant's acknowledgment letter date stamped April 28, 2014 did not notify Plaintiff Blanchard of the date when the DOS originally received his FOIA request.

**64.**     After the passage of almost seven months without any further contact from Defendant, on December 12, 2014, Plaintiff Bachand sent an email to the DOS inquiring as to the status of this request and asking for an estimated date of completion for a determination by the Agency on the request.

**65.**     By email dated December 15, 2014, the DOS responded to Plaintiff Bachand's December 12, 2014 email as follows:

> This is in reference to your e-mail dated [sic] regarding a FOIA request. The case number is: F-2014-06825. Please refer to this case number when inquiring about the status of your request. Currently we are determining if we have sufficient information to process your search and ensure we are able to protect personal identifiable information. You will be receiving a formal acknowledgement letter

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

shortly. A timeframe cannot be provided until the assigned team has had an op-
portunity to fully review the request. . . .

**66.**     After the passage of another four months without any further contact from Defendant, on April 24, 2015, Plaintiff Bachand sent another email to the DOS inquiring as to the status of his request and asked for an estimated date of a determination on the request.

**67.**     By email dated April 30, 2015, the DOS responded to Plaintiff Bachand's April 24, 2015 email by informing him that his FOIA request remained open and suggesting that it would be completed sometime in the month of June, 2015.

**68.**     Defendant's email of April 30, 2015 did not provide a specific date for the completion of Plaintiff Bachand's FOIA request.

**69.**     After the passage of another three months without any further contact from Defendant — and one month after the passage of the June 2015 "estimated completion month" for this FOIA request — on July 30, 2015, Plaintiff Bachand sent another email to the DOS inquiring as to the status of his request.

**70.**     After the passage of another two weeks without any further contact from Defendant, on August 12, 2015, Plaintiff Bachand sent another email to the DOS inquiring as to the status of his FOIA request.

**71.**     After the passage of another two weeks without any further contact from Defendant, on August 25, 2015, Plaintiff Bachand sent another email to the DOS inquiring as to the status of his FOIA request.

**72.**     By email dated August 25, 2015, the DOS responded to Plaintiff Bachand's multiple email inquiries by informing him of another "estimated completion month" of December, 2015.

**73.**     By email dated September 21, 2015, the DOS again responded to Plaintiff Bachand's multiple email inquiries by reiterating an "estimated completion month" of December, 2015.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**74.** By email dated October 28, 2015, the DOS again responded to Plaintiff Bachand's multiple email inquiries by reiterating an "estimated completion month" of December, 2015.

**75.** After the passage of almost another two months without any further contact from Defendant, on December 14, 2015, Plaintiff Bachand sent yet another email to the DOS inquiring as to the status of his FOIA request.

**76.** By email dated February 1, 2016 from OGIS (from which Plaintiff Bachand had sought assistance in the face of the DOS's failure to make a timely determination on his FOIA request), Plaintiff Bachand was informed of the DOS's new "estimated completion month" of May, 2016.

**77.** Finally, over two and a half years after Plaintiffs submitted their FOIA request, via letter dated December 5, 2016, the DOS issued a final decision granting in part and denying in part his request, stating:

> The search of the records has been completed and has resulted in the retrieval of 22 documents responsive to your request. After reviewing these documents, we have determined that five may be released in full and 17 may be released with excisions. Please find them enclosed.

**78.** By facsimile transmission on January 25, 2017, Plaintiff Bachand, along with Plaintiff the Center, timely appealed the Agency's adverse determination. Plaintiffs also requested an estimated completion date in the appeal.

**79.** By letter dated March 2, 2017, Defendant acknowledged receipt of Plaintiffs' FOIA appeal of request F-2014-06825 but did not indicate the date it received the appeal or provide an estimated completion date for a determination on Plaintiffs' appeal.

**80.** By letter dated March 17, 2017, Plaintiffs sent a letter notifying the DOS that the Agency had violated the FOIA's 20-business-day deadline to make a decision on their appeal. That letter also requested an estimated completion date for the appeal and offered to assist the DOS in any way with the processing of their appeal.

81.     By email dated March 21, 2017, the DOS informed Plaintiffs of an "estimated decision month" for their appeal of September, 2017.

82.     The FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20 business days from the date of the agency's receipt. 5 U.S.C. § 552(a)(6)(A)(i).

83.     At the very latest, based on the April 8, 2014 date of FOIA request F-2014-06825, the deadline for issuing a final determination of Plaintiffs' FOIA request elapsed in May, 2014.

84.     Defendant failed to make a final determination resolving FOIA request F-2014-06825 within 20 business days from receipt as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

85.     The FOIA generally requires an agency to issue a final determination resolving a FOIA appeal within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

86.     At the very latest, based on the January 25, 2017 facsimile transmission of Plaintiffs' appeal of FOIA request F-2014-06825, the deadline for issuing a final determination of Plaintiffs' appeal elapsed on February 22, 2017.

87.     Defendant failed to make a final determination resolving Plaintiffs' appeal of FOIA request F-2014-06825 within the deadline of 20 business days from receipt as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

88.     The FOIA mandates that Defendant must inform an information requester of "the date on which the agency originally received the request." 5 U.S.C. § 552(a)(7)(B)(i).

89.     As of the date this action was filed, the DOS has not informed Plaintiffs of the date on which the Agency received FOIA request F-2014-06825.

90.     As of the date this action was filed, the DOS has not informed Plaintiffs of the date on which the Agency received the appeal of FOIA request F-2014-06825, which is still pending with the Agency.

**91.**     The FOIA mandates that Defendant must inform an information requester of "an esti-

mated date on which the agency will complete action on the request." 5 U.S.C. §

552(a)(7)(B)(ii).

**92.**     The FOIA's estimated decision date requirement does not contemplate that an agency's

suggestion of an entire month will discharge its mandate under 5 U.S.C. § 552(a)(7)(B)(ii).

**93.**     The DOS never provided Plaintiffs with an estimated completion date for FOIA request

F-2014-06825.

**94.**     As of the date this action was filed, the DOS has not provided Plaintiffs with an estimated

completion date for their appeal of FOIA request F-2014-06825 currently pending with the

Agency.

**95.**     As of the date this action was filed, the deadline for the DOS to issue a final determina-

tion on Plaintiffs' pending FOIA appeal has passed.

**96.**     None of FOIA's nine exemptions to mandatory disclosure apply to the information, cur-

rently being withheld by the DOS, which is responsive to Plaintiffs' FOIA request and appeal.

**97.**     As of the date this action was filed, the DOS has not provided a final determination on

Plaintiffs' FOIA appeal of request F-2014-06825 currently pending with the Agency.

**98.**     The Center has been required to expend costs and to obtain the services of a law firm to

prosecute this claim.

**99.**     Plaintiffs' claims presented herein are not insubstantial within the meaning of 5 U.S.C. §

552(a)(4)(E)(ii)(II).

/ / /

/ / /

/ / /

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**Regarding DOS FOIA Requests F-2017-01003 and F-2017-01395 (Plaintiff the Center)**

**100.**   On January 24, 2017, the Center sent via facsimile to the DOS a request for the following

records generated or obtained by the DOS since 2010:

>  1.  All data, including but not limited to native data and GIS layers, utilized to
>  prepare the maps in the Final Supplemental Environmental Impact Statement
>  ("SFEIS") for the Keystone XL Pipeline Project (Jan. 2014) and/or its appendices
>  and any attachments thereto (*see* https://keystonepipelinexl.state.gov/archive/-
>  dos_docs/feis/vol1/figures/index.htm);
>
>  2. All contracts generated in connection with the preparation of analyses of the
>  environmental impacts of the Keystone XL Pipeline Project; and
>
>  3. All correspondence, including but not limited to emails as well as any email at-
>  tachments thereto, between the State Department and TransCanada and/or its con-
>  tractors, including but not limited to Cardno Entrix, regarding the GIS layers for
>  the Keystone XL Pipeline route as set forth in the SFEIS.

**101.**   The Center's January 24, 2017 letter also sought expedited processing of the records that

are responsive to "Item 1" in paragraph 100 above – *i.e.*, the portion of the Center's request seek-

ing GIS layers or Shape files.

**102.**   On February 3, 2017 the DOS's FOIA Requester Service Center emailed the Center to

inform the Center that the Agency had assigned two FOIA tracking case numbers to the Center's

request: (1) case number F-2017-01003 for the first of the three categories ("Item 1"); and (2)

case number F-2017-01395 for the second and third categories ("Items 2 and 3").


**Item 1 (GIS Layers)**

**103.**   On February 6, 2017, the Center received a letter (date stamped January 25, 2017)

from the DOS, granting expedited processing for case number F-2017-01003 ("Item 1")

and informing the Center that it would begin processing Item 1 of the Center's request.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**104.**  Defendant DOS's acknowledgment letter dated January 25, 2017 informed the Center

that the DOS received the Center's FOIA request on the same date that it was sent: January 24,

2017.

**105.**  On February 9, 2017, the Center sent by facsimile transmission and electronic mail a let-

ter notifying the DOS of the 20-business-day deadline for the Agency's response, which the let-

ter asserted was February 22, 2017. (Based on the DOS's confirmation that it received the Cen-

ter's FOIA request on January 24, 2017, *see* paragraph 104 above, FOIA's 20- business day de-

cision deadline was actually February 21, 2017.)  In the letter, the Center also requested an esti-

mated completion date for the DOS's processing of the Center's FOIA request.

**106.**  On February 15, 2017 the Center received a letter (date stamped February 6, 2017) from

the DOS. The letter informed the Center that the "Department of State does not have the records

[the Center] requested under [Item 1, assigned case number F-2017-01003]." *Id.* The DOS de-

scribed its records management systems and stated that it had "contacted the offices most likely

to have responsive records: the Bureau of Oceans and International Environmental and Scientific

Affairs; and the Bureau of Energy, Economics and Business." *Id.* However, those offices

> did not have copies of the records responsive to [the Center]'s request because the
> Environmental Impact Statement for the Keystone Pipeline project was created by
> Cardno ENTRIX under a contract financed by TransCanada Keystone Pipeline
> LP, and not by the U.S. government. Neither Cardno ENTRIX nor TransCanada
> ever submitted GIS information to the Department of State, nor was either corpo-
> ration required to do so.

*Id.* The DOS further claimed that because the requested records were "neither physically nor

constructively under the control of the Department of State," the DOS "does not have the records

[the Center] requested under [Item 1]."

**107.**  The DOS's letter dated February 6, 2017 further stated that its "no record" response re-

garding Item 1 of the Center's FOIA request constituted an adverse determination that was sub-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

ject to administrative appeal. *Id*.

**108.**   By letter dated March 7, 2017, the Center timely appealed the Agency's adverse determination regarding Item 1 of its FOIA request F-2017-01003. The Center also requested an estimated completion date for a determination on its appeal.

**109.**   By letter dated March 21, 2017, the DOS acknowledged receipt of the Center's appeal of FOIA request F-2017-01003. The DOS's letter did not provide an estimated completion date or inform the Center when it received the appeal.

**110.**   The FOIA generally requires an agency to issue a final determination resolving a FOIA appeal within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**111.**   At the very latest, based on the DOS's confirmation, in its March 21, 2017 acknowledgment letter, that it received the Center's appeal of request F-2017-01003 no later than the date of that letter, the deadline for issuing a final determination of the Center's appeal elapsed on April 18, 2017.

**112.**   Defendant DOS failed to make a final determination resolving the Center's FOIA appeal of request F-2017-01003 within the deadline of 20 business days from receipt as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

**113.**   As of the date this action was filed, the DOS has not provided a final determination on the Center's appeal of FOIA request F-2017-01003.

**114.**   Defendant DOS failed to make a final determination resolving FOIA request F-2017-01003 within the deadline of 20 business days from receipt as required by the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**115.**   The FOIA mandates that Defendant DOS must inform an information requester of "the date on which the agency originally received the request." 5 U.S.C. § 552(a)(7)(B)(i).

**116.**   As of the date this action was filed, the DOS has not informed the Center of the date on which the Agency originally received the Center's appeal of FOIA request F-2017-01003 that is still pending before the Agency.

**117.**   Defendant DOS failed to inform the Center of the date on which the Agency originally received the Center's appeal of FOIA request F-2017-01003 as required by the FOIA. 5 U.S.C. § 552(a)(7)(B)(i).

**118.**   The FOIA mandates that Defendant DOS must inform a FOIA requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**119.**   As of the date this action was filed, the DOS has not provided the Center an estimated completion date for a determination on the Center's appeal of FOIA request F-2017-01003 that is still pending before the Agency.

**120.**   Defendant DOS failed to provide the Center an estimated completion date for a determination on the Center's appeal of FOIA request F-2017-01003 as required by the FOIA. 5 U.S.C. § 552(a)(7)(B)(ii).

**121.**   The DOS has not further responded to the Center's appeal of FOIA request F-2017-01003.


**Items 2 and 3 (Contracts and Correspondence)**

**122.**   On February 16, 2017, the Center received an email from the DOS, stating that the Agency was experiencing a "high volume of FOIA requests," and suggesting an estimated completion month for Items 2 and 3 of Center's FOIA request (case number F-2017-01395) – *i.e.*, the portion of the Center's request seeking copies of the contracts between the DOS and various contractors for the Keystone XL Pipeline Project as well as correspondence between the DOS and its

contractors – of August, 2017. Defendant DOS's email did not provide a specific estimated completion date.

**123.** The DOS has not further responded to the Center's FOIA request F-2017-01395.

**124.** The FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20-business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

**125.** At the very latest, based on the DOS's confirmation, in its January 25, 2017 acknowledgment letter, that it received FOIA request F-2017-01395 on January 24, 2017, the deadline for issuing a final determination of FOIA request F-2017-01395 elapsed on February 21, 2017.

**126.** As of the date this action was filed, the deadline for the DOS to issue a final determination on the Center's pending FOIA request F-2017-01395 has passed.

**127.** As of the date this action was filed, the DOS has not provided a final determination on the Center's FOIA request F-2017-01395.

**128.** Defendant DOS failed to make a final determination resolving FOIA request F-2017-01395 within the deadline of 20 business days from receipt as required by the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**129.** The FOIA mandates that Defendant DOS must inform a FOIA requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**130.** The FOIA's estimated decision date requirement does not contemplate that an agency's suggestion of an entire month will discharge its mandate under 5 U.S.C. § 552(a)(7)(B)(ii).

**131.** As of the date this action was filed, the DOS has not provided the Center with an estimated completion date for FOIA request F-2017-01395 that is still pending before the Agency.

**132.** Defendant DOS failed to provide the Center an estimated completion date for a determination for FOIA request F-2017-01395 as required by the FOIA. 5 U.S.C. § 552(a)(7)(B)(ii).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**133.**   Because the Agency has not issued a final response to FOIA request F-2017-01395, the Center has not filed an administrative appeal of any determination and has therefore constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

<strong>All Items</strong>

**134.**   None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by the DOS that is responsive to the Center's FOIA request and appeal.

**135.**   The Center has been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**136.**   The Center's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

<strong>CAUSES OF ACTION</strong>

<strong>COUNT I</strong><br>
<strong>VIOLATION OF THE FREEDOM OF INFORMATION ACT:</strong><br>
<strong>CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING</strong>

**137.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**138.**   Plaintiffs have a statutory right to the records they seek, which are "agency records" within the meaning of the FOIA, and there is no legal basis for Defendant DOS to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**139.**   Defendant violated Plaintiffs' rights under the FOIA by failing to comply with the Act's decision deadlines and thus constructively withholding information responsive to Plaintiffs' FOIA requests and appeals.

**140.**   Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue

BAHR LAW OFFICES, P.C.<br>
1035 ½ Monroe Street<br>
Eugene, OR  97402<br>
(541) 556-6439

to employ FOIA's provisions in information request to Defendant in the foreseeable future.

**141.**   Plaintiffs' professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**142.**   Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant will continue to violate the rights of Plaintiffs to receive public records under the FOIA.

**143.**   Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT II
## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTIONS

**144.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**145.**   Plaintiffs have a statutory right to the records they seek, which are "agency records" within the meaning of the FOIA, and there is no legal basis for Defendant to assert that any of the FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**146.**   Defendant violated Plaintiffs' rights under the FOIA by unlawfully withholding information responsive to Plaintiffs' FOIA requests and appeals based on an improper and unduly narrow construction of the meaning of "agency record" under the FOIA or an overly broad application of the FOIA's exemptions to mandatory information disclosure.

**147.**   Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ the FOIA's provisions in information request to Defendant in the foreseeable future.

**148.**   Plaintiffs' professional activities will be adversely affected if Defendant is allowed to

continue to violate the FOIA's disclosure provisions as it has in this case.

**149.** Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant will continue to violate the rights of Plaintiffs to receive public records under the FOIA.

**150.** Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to the FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT III**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

**151.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**152.** Plaintiffs have a statutory right to have Defendant process their FOIA requests in a manner which complies with the FOIA. Plaintiffs' rights in this regard were violated when the Defendant unlawfully delayed its response to their information requests and appeals beyond the determination deadlines imposed by the FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i).

**153.** Defendant is unlawfully withholding public disclosure of records sought by Plaintiffs, records which are "agency records" within the meaning of the FOIA, to which Plaintiffs are entitled, and for which no valid disclosure exemption applies.

**154.** Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information request to Defendant in the foreseeable future.

**155.** Plaintiffs' professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's decision deadlines as it has in this case.

**156.** Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant will continue to violate the rights of Plaintiffs to have their information requests proc-

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439

essed as required by the FOIA.

**157.**   Plaintiffs are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT IV
## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
## FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)(i)

**158.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**159.**   FOIA requires that each agency must inform an information requester of the date on which the agency originally received the request. 5 U.S.C. § 552(a)(7)(B)(i).

**160.**   Defendant has failed to provide Plaintiffs with the date it originally received the Plaintiffs' FOIA requests and appeals at issue in this case.

**161.**   Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information request to Defendant in the foreseeable future.

**162.**   Plaintiffs' professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's requirement to inform an information requester of the date on which the agency originally received the request as it has in this case.

**163.**   Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant will continue to violate the rights of Plaintiffs to have their information requests and appeals processed as required by the FOIA.

**164.**   Plaintiffs are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**COUNT V**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)(ii)**

**165.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**166.**   FOIA requires that each agency must provide information about the status of a request to the person making an information request including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**167.**   Plaintiffs asked DOS numerous times for estimated dates of completion for their pending FOIA requests and appeals. In so doing, Plaintiff invoked 5 U.S.C. § 552(a)(7)(B)(ii).

**168.**   Defendant has repeatedly failed to provide estimated dates of completion for Plaintiffs' FOIA requests and appeals at issue in this case.

**169.**   Upon information and belief, DOS's failure to provide specific estimated dates of completion for Plaintiffs' FOIA requests and appeals represents an ongoing policy, practice, or standard operating procedure ("SOP").

**170.**   A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

**171.**   Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information request to Defendant in the foreseeable future.

**172.**   Plaintiffs' professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's requirement to provide an estimated completion date as it has in this case.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**173.**   Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant will continue to violate the rights of Plaintiffs to have their information requests processed as required by the FOIA.

**174.**   Plaintiffs are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).


### COUNT VI
### VIOLATIONS OF THE FOIA AND THE APA:
### ENGAGING IN A PATTERN OR PRACTICE OF UNLAWFUL CONDUCT

**175.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**176.**   Defendant DOS has engaged in a pattern or practice of violating the FOIA in responding to Plaintiffs' FOIA requests and appeals. DOS's policies, practices, or standard operating procedures for responding to FOIA requests have resulted in violations of Plaintiffs' rights as alleged above. Additionally, the DOS's policies, practices, or standard operating procedures for responding to FOIA requests and appeals are likely to result in future violations of the FOIA that will harm Plaintiffs because they are likely to continue seeking public documents from the DOS.

**177.**   Even if Defendant fully discloses all documents responsive to Plaintiffs' FOIA requests and appeals, Plaintiffs are entitled to a declaration that Defendant's actions violated the FOIA and to an injunction barring DOS from violating the FOIA in the future when responding to their FOIA requests or appeals. Whether made under the FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings. *See, e.g., Natural Res. Def. Council v. EPA*, 966 F.2d 1292, 1299 (9th Cir. 1992).

COMPLAINT

**178.**   Defendant's unlawful pattern and practice of violating the FOIA when responding to Plaintiffs' FOIA request entitles Plaintiffs to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

## COUNT VII
### (In the alternative to Counts I through V)
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

**179.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**180.**   Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeals; (2) provide Plaintiffs with the specific date it received their requests and appeals, and; (3) provide Plaintiffs with the estimated completion dates of their request and appeals.

**181.**   Defendant has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeals; (2) provide Plaintiffs with the specific date it received their requests and appeals, and; (3) provide Plaintiffs with the estimated completion dates of their requests and appeals.

**182.**   Plaintiffs have been adversely affected and aggrieved by the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeals; (2) provide Plaintiffs with the specific date it received their requests and appeals, and; (3) provide Plaintiffs with the estimated completion dates of their requests, has injured Plaintiffs' interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

**183.**   Plaintiffs have suffered a legal wrong as a result of the Defendant's failure to comply with the mandates of FOIA. Defendant DOS's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeals; (2) provide Plaintiffs with the specific date it received their requests, and; (3) provide Plaintiffs with the estimated completion dates of their requests, has injured Plaintiffs' interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

**184.**   Defendant's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeals; (2) provide Plaintiffs with the specific date they received their requests, and; (3) provide Plaintiffs with the estimated completion dates of their requests, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**185.**   Alternatively, Defendant's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeals; (2) provide Plaintiffs with the specific date they received their requests, and; (3) provide Plaintiffs with the estimated completion dates of their requests, is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**186.**   Plaintiffs are entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**187.**   Plaintiffs are entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.

/ / /

/ / /

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

**1.**     Order Defendant in the form of injunctive relief to promptly provide Plaintiffs all of the information sought in this action;

**2.**     Declare Defendant's failure to disclose the information requested by Plaintiffs to be un-lawful under the FOIA, 5 U.S.C. § 552(a)(3).

**3.**     Declare Defendant's failure to make a timely determination on Plaintiffs' FOIA requests and appeals to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**4.**     Declare Defendant's failure to provide Plaintiffs with the dates it originally received their FOIA requests and appeals, to be unlawful under the FOIA, 5 U.S.C. § 552(a)(7)(B)(i), or in the alternative, is agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**5.**     Declare Defendant's failure to provide Plaintiffs with the estimated completion dates of their FOIA requests and appeals, to be unlawful under the FOIA, 5 U.S.C. § 552(a)(7)(B)(ii), or in the alternative, is agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**6.**     Award Plaintiffs their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law;

**7.**     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**8.**     Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted for the Court's consideration, this 18th day of May, 2017.

> *s/David Bahr*
> DAVID BAHR (D.D.C. Bar #OR0001
> Bahr Law Offices, P.C.
> 1035 ½ Monroe Street
> Eugene, OR 97402
> (541) 556-6439 Voice
> davebahr@mindspring.com